UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE D. JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. SALAZAR,<br><br>　　　　　Respondent. | No. 2:17-cv-1310 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenged the validity and constitutionality of the sentence imposed by the Western District of Washington. This action was dismissed on March 18, 2018. Despite petitioner's pending appeal, petitioner filed multiple motions. As discussed below, such motions should be denied.

Background

On December 15, 2017, this court issued findings and recommendation granting respondent's motion to dismiss this action for lack of subject matter jurisdiction. (ECF No. 16.) Specifically, the court found that petitioner failed to demonstrate his factual innocence, and failed to demonstrate that he did not have a previous unobstructed procedural shot at presenting his claim, in order to avail himself of the very narrow "escape hatch" or "savings clause" that would allow him to challenge his sentence through a § 2241 in the custodial court. He was advised that

1

if he wished to file an appeal, he should seek a certificate of appealability in his objections to the findings and recommendations. Petitioner filed four timely sets of objections to the findings and recommendations. (ECF Nos. 17-20.) On March 19, 2018, the district judge considered all of petitioner's objections, adopted the findings and recommendations, declined to issue a certificate of appealability, granted respondent's motion to dismiss, and dismissed the action without prejudice.

Rule 52 Motion

On March 26, 2018, petitioner filed a motion styled, "Motion Questioning the Evidentiary Support for the Court's Findings and Request for Amended or Additional Findings," citing Rule 52(a)(5) & (b) of the Federal Rules of Civil Procedure, and a notice of appeal. (ECF Nos. 23, 24.)

Rule 52 permits a party to file a motion to amend the findings or make additional findings, and to amend the judgment accordingly. It applies in actions tried on the facts without a jury. Fed. R. Civ. P. 52(a). Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision. Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219-20 (5th Cir. 1986). A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir. 1985).

Here, petitioner contends that the court refused to consider his argument that language set forth in his exhibit 4 is in direct conflict with the court's findings, accepting one part of exhibit 4, and rejecting that part of exhibit 4 that supports petitioner's claim. (ECF No. 23 at 2-3.) The language on which petitioner relies is: "[t]he following definitions were not revised substantively: "Diagnosis," "Informant," "Minor," "Third-party payer," and "Undercover agent." (ECF No. 23 at 5.)

Petitioner's motion is unavailing. First, the court recommended, and the district court adopted, the findings that petitioner failed to satisfy both his actual innocence claim, and his lack of an unobstructed procedural shot at presenting his claims, and therefore this court lacks subject

matter jurisdiction to hear petitioner's challenge to the validity of his underlying conviction. Petitioner fails to demonstrate that he was deprived of an opportunity to challenge his conviction, and the record reflects he has had multiple opportunities to do so.

Second, petitioner cannot demonstrate that the additional language he points to would affect the outcome of this case. As the Ninth Circuit noted in ruling on petitioner's appeal from the district court's denial of his pretrial motion to dismiss the indictment: "A drug abuse treatment program is an individual or entity that not only provides drug abuse treatment, but also 'holds itself out as providing' treatment." See 42 C.F.R. § 2.11. United States v. Johnson, 540 F. App'x 573, 577 (9th Cir. 2013). Petitioner's principal practice was not to provide substance abuse treatment, and petitioner did not hold himself out as a substance abuse treatment program. (ECF No. 16 at 2-3, citing ECF No. 12-1 at 52-53.) Thus, petitioner's citation to the language at the bottom of his exhibit 4 would not change the outcome of this case or impact this court's conclusions. Petitioner's motion under Rule 52 should be denied.

Rule 59(e) Motion

On March 26, 2018, the same day he filed his notice of appeal, petitioner filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and a second request for a certificate of appealability. (ECF No. 26.) As set forth below, the undersigned also recommends denial of this motion and request.

Generally, once an appeal is filed, a district court no longer has jurisdiction to consider motions affecting the judgment. Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) (citation omitted). However, under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b), then the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved. Because petitioner filed his motion within 28 days after the entry of judgment, the motion was timely-filed under Rule 59(e). See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). Petitioner does not cite to newly discovered evidence or a new change in the law. Nor does petitioner meet the remaining two bases for relief under Rule 59(e).

Petitioner argues that the court erred in failing to follow the framework of Chevron v. N.R.D.C., 467 U.S. 837 (1984), the Administrative Procedure Act, 5 U.S.C. §§ 551, et seq., and ignored threshold retroactivity concerns. (ECF No. 26 at 1.) Petitioner argues that "instead of deferring to the reasonable definition of 'program' found in the Regulation," the court failed to "uphold lawful, notice-and-comment rulemaking." (Id.) Essentially, petitioner again challenges the merits of his claim.

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. A Rule 59(e) motion is not an appropriate vehicle to ask the court to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, petitioner does not show an incorrect factual assumption or a clear error of law. Rather, he continues to reiterate the arguments he made in his opposition to the motion to dismiss and objections to the undersigned's findings and recommendations. That the prior findings did not specifically address the omission of the word "program" in the language cited by petitioner in his exhibit 4, does not alter the fact that petitioner's family medical practice was not to primarily provide substance abuse treatment, and petitioner did not hold himself out as a substance abuse treatment program. Thus, this court finds no "manifest error" in the December 15, 2017 findings and recommendations. Further, petitioner does not show that a "manifest injustice" will result

4

from this court's denial of a certificate of appealability. This district court previously considered, and rejected, issuance of a certificate of appealability. Petitioner presents nothing new here to change that determination. Thus, petitioner's Rule 59(e) motion should also be denied.

Rule 60(b) Motion

After petitioner filed his notice of appeal, he filed multiple motions for relief from judgment and to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF Nos. 29, 30, 32, 34-36.)

This court is without jurisdiction to rule upon a motion seeking relief from judgment while the case is on appeal to the Ninth Circuit. See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). When a case is on appeal, a party may only

> ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion.

Sierra Pacific Industries v. Lyng, 866 F.2d 1099, 1113 n.21 (9th Cir. 1989); see also, Gould v. Mutual Life Insurance Co., 790 F.2d 769, 772 (9th Cir. 1986), overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969 (9th Cir. 2012).

This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a) states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Id.

Rule 60(b) applies to habeas proceedings, but only in conformity with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). If a Rule 60(b) motion seeks to add a new ground for relief or attack this court's previous resolution of a claim

5

on the merits, it is, in substance, a successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b). Gonzalez, 545 U.S. at 531. However, if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as fraud, the motion is not a successive habeas petition. Id. at 532.

Here, petitioner's motions fall in the former category. Petitioner seeks to again challenge the merits of the court's decision, and now also seeks to apply new authority from the Supreme Court, Sessions v. Dimaya, 138 S. Ct. 1204 (April 17, 2018)[1] (ECF Nos. 34, 36.) Specifically, 28 U.S.C. § 2255(h)(2) requires a petitioner to establish that the successive motion was filed pursuant to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Accordingly, the court is not permitted to address the merits of petitioner's motions until petitioner obtains authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3).

Request for Certificate of Appealability

In the event petitioner chooses to appeal an order adopting these findings and recommendations, the undersigned recommends the district court deny a certificate of appealability.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." Id. With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a certificate will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. Id.

---

[1] In Sessions, the Supreme Court held that 18 U.S.C. § 16(b), the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of the term "aggravated felony," 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague. Sessions, 138 S. Ct. at 1204.

The issue of whether petitioner's Rule 60(b) motions should be treated as successive petitions under Gonzalez v. Crosby is not debatable among reasonable jurists and, therefore, does not warrant the issuance of a certificate of appealability.

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Rule 52 motion (ECF No. 23) be denied;

2. Petitioner's Rule 59(e) motion and second request for certificate of appealability (ECF No. 26) be denied;

3. Petitioner's motions for relief and to set aside the judgment (ECF Nos. 26, 29, 30, 32, 34, 35, 36) be denied; and

4. Any request for certificate of appealability from this decision also be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1310.60b

7