1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTOINE D. JOHNSON,                      No.  2:17-cv-1310 JAM KJN P

12                  Petitioner,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14   J. SALAZAR,

15                  Respondent.

16

17         Petitioner, a federal prisoner proceeding without counsel, filed this application for a writ

18   of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenged the validity and

19   constitutionality of the sentence imposed by the Western District of Washington.  This action was

20   dismissed on March 19, 2018, and judgment was entered.  (ECF No. 21, adopting ECF No. 16.)

21   On July 9, 2018, petitioner filed his seventh motion for relief from judgment under Rule 60(b) of

22   the Federal Rules of Civil Procedure.  Petitioner's prior 60(b) motions were denied on June 6,

23   2018.  (ECF No. 47, adopting ECF No. 37.)  As discussed below, the undersigned recommends

24   that petitioner's seventh motion be denied, and that any further filing by petitioner in this closed

25   case be disregarded.

26         Petitioner's Appeals

27         On August 6, 2018, the United States Court of Appeals for the Ninth Circuit addressed

28   petitioner's appeals, as follows:

                                    1

These related appeals are from the denial of appellant's disguised 28 U.S.C. § 2255 motion and subsequent Federal Rule of Civil Procedure 59(e) motion. The requests for a certificate of appealability (Docket Entry Nos. 2 and 6 in No. 18-15508, and Docket Entry No. 2 in No. 18-16107) are denied because appellant has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 565 U.S. 134, 140-41 (2012); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); United States v. Winkles, 795 F.3d 1134, 1143 (9th Cir. 2015), cert. denied, 136 S. Ct. 2462 (2016); Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (order). Any pending motions are denied as moot. DENIED.

(ECF No. 57.) Thus, no appeals remain pending at the present time.

    Rule 60(b) Motion

    Under Rule 60(b), a party may seek relief from judgment in limited circumstances. Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). Gonzalez, 545 U.S. at 529. A purported Rule 60(b) motion seeking to reopen the judgment of an initial habeas petition brought pursuant to 28 U.S.C. §§ 2254 or 2255 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits . . . ." Gonzalez, 545 U.S. at 532.

    Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1) - (5)). Reconsideration is not appropriate when a movant relies on arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995) (district court properly denied Rule 60(b)(6) motion because movant "merely reiterated the arguments that he had already presented to the district court").

2

Here, petitioner claims that his motion should not be construed as a second or successive habeas application because his motion is based on the ground of mistake under Rule 60(b)(1), which by its terms does not affect the "finality of the judgment or suspend its operation," quoting Smith v. Stone, 308 F.2d 15, 17-18 (9th Cir. 1962).[1]  (ECF No. 52 at 1.)  Petitioner contends that this court was required to apply the Chevron[2] deference doctrine in evaluating his claim, that the failure to do so was an error of law requiring correction, and such error constitutes a "mistake" under Rule 60(b)(1).  (ECF No. 52 at 2.)

The undersigned is not persuaded.  Petitioner's motion is nothing more than another transparent attempt to attack the final decision of the district court.[3]  Thus, petitioner's motion is construed as a successive petition.  Under Ninth Circuit Rule 22-3, "[i]f an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals."  Id. (emphasis added).  The undersigned does not find that the interests of justice warrants transfer of the motion to the court of appeals.  Rather, the undersigned recommends dismissal of the motion.  This court does not have jurisdiction to consider the successive petition without prior authorization by the Ninth Circuit.  Petitioner must obtain authorization from the Ninth Circuit Court of Appeals before he can proceed with a second or successive petition.  28 U.S.C. § 2244(b)(3).

No Response to Further Filings by Petitioner

Judgment was entered in this action on March 19, 2018.  Petitioner's appeals have been addressed by the appellate court.  (ECF No. 57.)  Petitioner has unsuccessfully sought to set aside the judgment on several occasions, and the undersigned recommends that his last motion be

---

[1]  In Smith, the Ninth Circuit found that the district court has discretion to find whether there exists a sufficient showing of inadvertence or excusable neglect, and held there was no abuse of discretion in the district court's refusal to reopen the case.  Id.

[2]  Chevron v. N.R.D.C., 467 U.S. 837 (1984).

[3]  Indeed, this is not the first time that petitioner has argued that Chevron deference should apply.  Petitioner raised Chevron deference in his petition for writ of certiorari before the Supreme Court.  (ECF No. 1 at 3.)  Petitioner also argued Chevron deference in at least two of his prior motions for relief under Rule 60(b).  (ECF Nos. 26 at 1; 29 at 3-4; 6.)

denied.  Based on this record, the undersigned recommends that any further filing by petitioner, aside from his objections to the instant findings and recommendations, be disregarded in this closed case.

Request for Certificate of Appealability

In the event petitioner chooses to appeal an order adopting these findings and recommendations, the undersigned recommends the district court deny a certificate of appealability.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." Id.  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a certificate will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. Id.

The issue of whether petitioner's Rule 60(b) motion should be treated as a successive petition under Gonzalez v. Crosby is not debatable among reasonable jurists and, therefore, does not warrant the issuance of a certificate of appealability.

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion to set aside judgment (ECF No. 52) be denied;

2.  Any further filings by petitioner in this closed case be disregarded; and

3.  A certificate of appealability be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

////

1  "Objections to Magistrate Judge's Findings and Recommendations."[4]  If petitioner files

2  objections, he shall also address whether a certificate of appealability should issue and, if so, why

3  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

4  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

5  § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

6  service of the objections.  The parties are advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8  F.2d 1153 (9th Cir. 1991).

9  Dated:  August 16, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1310.60b1

---

[4]  Petitioner previously filed five different objections to the May 4, 2018 findings and recommendations.  Petitioner is cautioned that each party may file one set of objections. Therefore, if petitioner chooses to file objections, he must include all of his objections in one document.  If petitioner again files multiple objections, the court will only consider the objections he files first.

5